

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. 0-5800

Re: Disposition of certain funds
in the hands of the Treasurer
growing out of liquidation
of State banks and other
corporations.

Your request for an opinion by this Department
upon the above subject matter is as follows:

"State Treasurer's Dissolution of Solvent
Corporations Fund No. 31 in the amount of
$14,859.57 includes funds held in trust for
depositors and/or shareholders in,

"Dissolved State Banks
Dissolved Building & Loan Associations
Dissolved Finance Corporations

"Approximately $7,000.00 of the total
amount of Fund No. 31 had been received from
dissolved State Banks. The rest of the fund
belongs to depositors and/or shareholders in
dissolved corporations other than State Banks,
of which the principal portion was deposited
with the State Treasurer through the State Bank-
ing Commissioner.

"In preparing a list of claimants to be
transmitted to the State Banking Commissioner
in accordance with your Opinion No. 0-5729 this
question arises:

"Should the assets of dissolved cor-
porations other than State Banks, to-
gether with list of claimants, be
transferred to the State Banking Com-
missioner to be supervised and admin-
istered by him?"

In Opinion No. O-5729 addressed to you this
Department advised with respect to deposits made with
the State Treasurer in cases of voluntary liquidation
of State Banking institutions under Article 540 of the
Revised Civil Statutes of Texas to the effect that all
such deposits should be turned over by you to the Bank-
ing Commissioner of Texas in virtue of Article 15 of
Chapter VIII of the Banking Code of Texas.

This opinion, therefore, will deal only with
that portion of your Fund No. 31, as it is made up of de-
posits from sources other than those made in pursuance
of Article 540.

Section 16 of the Building & Loan Associa-
tion Act of 1939, dealing with the subject of liquida-
tion, contains the following:

"(a)  In the event it shall be determined by
the court having jurisdiction, that an associa-
tion should be wound up and its affairs liquidated,
and shall so order, then the Banking Commissioner
of Texas shall be forthwith charged with the duty
to take possession of such association, its as-
sets and affairs, collect its claims, pay its debts
and obligations and distribute its remaining assets
to those lawfully entitled thereto and report such
proceedings from time to time and finally to the
court for its approval;

"(b)  The procedure as to such liquidation
shall in all respects comply with the procedure
now existing, or hereafter provided by law for
the liquidation of State Banking Institutions,
so far as such proceedings are applicable;

"(c)  In the event no provision of law is
applicable in any given case, or instance, then

the Commissioner shall adopt such reasonable procedure as will in his sound judgment expedite such liquidation and winding up in a fair and equitable manner;

"(d) Any person aggrieved by any order, ruling or act whatsoever in the progress of such liquidation, shall have the right of appeal to the court having jurisdiction for a review of such order, ruling or act. Such review shall be by petition by complainant and answer by the Commissioner and shall be tried de novo and judgment required as in other civil cases. An appeal shall lie from such judgment as in other civil cases;

"(e) No appeal for review shall be permitted to the court unless the petition therefor be filed within twenty (20) days from the order, ruling or act complained of;

"(f) The Commissioner shall perform the duties here imposed as a part of his official duties as Banking Commissioner of Texas, without other compensation than the salary fixed by law, but he shall be authorized to employ all such special agents, attorneys, assistants and help, and incur such expenses as may be reasonable and necessary, and to fix the compensation and amount thereof, subject to the approval of the court from time to time as reported by the Commissioner, such compensation and expenses to be paid out of the funds of such association being liquidated; provided, however, the Commissioner may appoint the general manager of the Federal Savings and Loan Insurance Corporation as his agent in the liquidation of any association being liquidated where the association's shares or share accounts are insured by the Federal Savings and Loan Insurance Corporation;

"(g) The Commissioner shall also pay to the State Treasurer of Texas for the General Fund of the State, from the funds of such association in liquidation, a sum or sums of money in lieu of examination fees equal to the estimated examination fees for the period of such liquidation had such association not closed;

"(h)  Upon approval of the final report of liquidation by the Commissioner, said report shall be presented to the court and the court shall enter such order, judgment and decree as may be necessary."  -- Vernon's Civ. Stat. Art. 861a-16.

Long prior to 1939, building and loan associations were under the supervision of the Banking Commissioner, but he was not clothed with the power to liquidate such corporations, that being accomplished by the voluntary act of the association, or through a judicial proceeding properly instituted.

Your records with respect to Fund No. 51 reflect, so you advise us in connection with your original request, that the fund contains deposits made by a number of building and loan associations upon voluntary liquidation, and possibly one or more judicial liquidations.  Such records do not disclose, however, any deposit by the Banking Commissioner in a case of liquidation effected by him in pursuance of Section 16 of the present Building & Loan Association Act.

We are advised by the Banking Commissioner that it has been the practice of that Department, upon the voluntary dissolution of a building and loan association under its supervision to require of the dissolving corporation a deposit with the State Treasurer to cover unclaimed sums of money due, as is required by Article 540, Revised Civil Statutes, 1925, with respect to voluntary liquidations of banking institutions, such deposit usually being made through the Banking Commissioner as intermediary.  Whether or not there is any statute requiring such deposits to be made with the State Treasurer we need not to inquire or decide, albeit a very thoughtful and wholesome practice.

Such deposit by an association in course of voluntary liquidation in no event would come within the provisions of Section 16 of the Building & Loan Association Act, adopting by reference the bank liquidation method by the Banking Commissioner for the simple reason the Commissioner has not taken over the association in obedience to an order of a court of competent jurisdiction -- the

liquidation being wholly voluntary.

While certain financial corporations are by law under the supervision of the Banking Commissioner, notably, loan and brokerage companies, and credit unions, the statutes do not authorize that officer to liquidate such corporations, and where, as is the case with you, a trust deposit has been voluntarily made by the corporation for the benefit of a non-claiming creditor, there certainly is no statute authorizing, much less requiring you as Treasurer to turn over such deposit to the Banking Commissioner, as there is in the present Banking Code, already referred to in this opinion.

It appears from some of the data which you have furnished to us, in connection with your request herein, that a deposit has been made by a few dissolving corporations not even under the supervision of the Banking Commissioner.

This Fund likewise appears to contain a deposit by the Security Trust Company of Austin, which we understand was a state banking institution. The Security Trust Company, however, was not voluntarily liquidated, but was in truth liquidated by a receiver appointed by the District Court. The deposit, therefore, has not been made in compliance with Article 540 of the statutes.

From what we have said it follows we are of the opinion that no part of Fund No. 31 mentioned by you should be turned over to the Banking Commissioner, other than that portion paid to the treasury in the process of a voluntary liquidation of a state banking institution, under Article 540. As to the balance of such Fund, you should hold it, as you now hold it, in a suspense account awaiting appropriate legislative or judicial action as to the disposition thereof.

Trusting that what we have said has sufficiently answered your inquiry, we are

Very truly yours

APPROVED JAN. 17, 1944                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers
                                          By
ATTORNEY GENERAL OF TEXAS                      /s/ Ocie Speer
                                                      Assistant

OS-MR
pw

APPROVED OPINION COMMITTEE BY B.W.B CHAIRMAN